UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

LAN YAO,

          Plaintiff,

v.

OAKLAND UNIVERSITY,

          Defendant.

_____/

Case No. 21-cv-

Hon.

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd, Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Lan Yao, by and through her attorneys, Stempien Law, PLLC hereby submits her Complaint and complains against Defendant Oakland University, and in support thereof states:

1. Plaintiff Lan Yao ("Yao" or "Plaintiff") is a resident of Oakland County, Michigan.

2. Defendant Oakland University ("Oakland", "OU" or "Defendant") is a political subdivision of the State of Michigan, organized pursuant to the statutes of the State of Michigan.

1

3. The events giving rise to this action occurred within the Eastern District of Michigan.

4. Jurisdiction is vested with this Court pursuant to 28 USC §1331 and 42 USC §2000e, et. seq.

## GENERAL ALLEGATIONS

5. Yao was an Assistant Professor of Nursing within Oakland's School of Nursing ("SON") until her discharge on or about August 14, 2020.

6. Throughout 2019 and 2020, Yao requested a promotion to the tenured position of Associate Professor of Nursing.

7. Throughout her career at Oakland, Yao's faculty performance reviews provided that she either met or exceeded standards for promotion, tenure and job security in professional responsibilities in three areas (teaching, scholarship and public service) each year. Yao's scholarship had not only met but also consistently exceeded performance standards for all years.

8. Despite the positive reviews, Oakland denied plaintiff's tenure and promotion to Associate Professor on or about August 12, 2019. The stated denial reasons in SON Dean's letter of August 29, 2019, alleging diminished scholarship and rate of peer-reviewed publications since joining Oakland University, and the two review committees did not recommend plaintiff tenure and promotion.

9. Yao's position within the SON was governed by a collective bargaining agreement between the Oakland and the American Association of University Professors (AAUP/Union)[1]. The AAUP Faculty Agreement set forth the review criteria/standards to evaluate faculty members' performance relative to the professional responsibilities (teaching, scholarship and public service) and form the basis of all recommendations and decisions regarding faculty tenure and promotion.

10. Oakland must properly apply the established review criteria/standards according to the AAUP Faculty Agreement.

11. AAUP found that none of the SON Dean's stated reasons demonstrated proper application of the review criteria/standards or fair and adequate consideration.

12. AAUP was aggrieved by Oakland's denial of plaintiff's tenure and requested a re-review pursuant to Paragraph 41c.4(e) of the AAUP Faculty Agreement.

13. On May 1, 2020, SON Dean provided a 2nd denial letter and made prejudicial judgement to denigrate plaintiff's scholarship qualification and performance. The Dean continued to misrepresent the mistakes in the NCAP letters and

---

[1] See https://wwwp.oakland.edu/Assets/Oakland/ahr/files-and-documents/OU-AAUP%202015-2020%20-1.pdf or http://www.oaklandaaup.org/agreement.htm

used the NCAP and FRPC veto (which was already excluded by AAUP as a legitimate denial reason by Oakland) again as her excuse to deny plaintiff.

14. On or about May 20, 2020, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

15. On or about August 14, 2020, Oakland terminated plaintiff's employment.

16. On or about January 12, 2021, plaintiff filed a Charge of Retaliation with the EEOC for her termination. That charge remains pending as of the filing of this lawsuit.

17. On or about December 8, 2020, the EEOC issued a Dismissal and Notice of Rights letter to plaintiff for her Charge for Discrimination.

18. Plaintiff is of Asian race and Chinese national origin.

19. Plaintiff began her employment with Oakland in 2015 with her most recent assignment as Assistant Professor within Defendant's School of Nursing ("SON").

20. Plaintiff was subjected to different terms and conditions of her employment, denial of tenure and promotion, and job termination, based on her race and national origin.

21. The denial of Yao's tenure and her termination were the direct result of SON Dean's purposeful discrimination against her based on her race and national origin, and retaliation because of the AAUP and EEOC complaints.

22. Oakland failed to investigate the complaints filed first by the AAUP to Oakland, and subsequently by the plaintiff to EEOC; Instead, Oakland made false claims in its EEOC Position Statement, mispresenting Oakland's Faculty Agreement.

23. Contrary to Oakland's claim, the Faculty Agreement requires fair and adequate consideration, requiring no other factors be used to review a faculty except for his/her efforts and achievements in three areas of professional responsibilities (teaching, scholarship and public service), and no review entity can use its own subjective judgment to replace the review criteria/standards stipulated in the published Faculty Agreement.

24. While requests for tenure within the SON are reviewed by two committees, neither the Nursing Committee on Appointment and Promotion ("NCAP") or the Faculty Re-employment and Promotion Committee ("FRPC") can decide tenure, because tenure decision is within the sole discretion of Oakland's upper management.

25. The Dean of the SON is the sole decision-maker with regard to tenure because there is no department, unit, or department and unit chairpersons in the School of Nursing.

26. NCAP and FRPC are volunteers not experienced researchers or content experts.

27. The NCAP and FRPC veto is pretext for discrimination.

28. The FRPC, relying on NCAP's review, concluded Zorica Kauric-Klein, a white female professor in the School of Nursing, did not meet the teaching criteria for tenure by a vote of 11-to-0. Despite FRPC's unanimous recommendation and rationales against tenure, SON's Dean granted Kauric-Klein tenure. Kauric-Klein's national origin is Canadian.

29. Another white woman, Julie Kruse, was granted tenure, despite not only having fewer peer-reviewed publications but also no actual scholarship accomplishment which Yao does have, that is, having no successful efforts in securing competitive internal and external funding to conduct research in her stated areas of expertise which Yao does have, having no inter-disciplinary research which Yao does have, having no evidence of "contributed to the creation of new knowledge or the expansion of an established scholarly area" (external evaluator appraisal of Kruse's scholarship) which Yao does have, having no national and international recognitions which Yao does have, having no evidence of peer-reviewed publications disseminating her research at Oakland University which Yao does have, and having no evidence of a record of presenting empirically-based papers and /or posters at conferences (external evaluator appraisal of Kruse's scholarship) which Yao does have. Julie Kruse's national origin is American.

30. In fact, SON's tenured faculty is completely composed of white individuals.

31. The SON Dean denied plaintiff tenure and promotion and later terminated her based on her Asian race and Chinese national origin.

32. Plaintiff's tenure review endured more arduous procedures compared with similarly situated coworkers of a different race and national origin.

33. After AAUP's complaint and a comprehensive re-review, although SON's Dean did not find any new excuses to accuse plaintiff, the Dean arbitrarily stated, "Your record does not demonstrate continued research productivity as an independent research scholar. You did not demonstrate evidence of substantial progress as a mature scholar or establish a record of peer reviewed publications at Oakland University. In summary, your record of actual accomplishment in the area of scholarship falls well short of expectations. For promotion and the granting of tenure at the c.4 level, there must be unequivocal evidence in the record of the requisite accomplishments. The dossier must make a persuasive case for promotion and tenure, and unfortunately, yours did not. Accordingly, you were not recommended for re-employment" to denigrate plaintiff's performance.

34. The deceiving claims in Oakland's EEOC submission are its attempt to evade OU's legal responsibility for its faculty review and decision-making required by the Faculty Agreement.

## COUNT I
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964
## RACE AND NATIONAL ORIGIN DISCRIMINATION

35. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

36. Title VII of the Civil Rights Act of 1964 ("Title VII"), specifically 42 USC §2000e-2 provides that "it shall be an unlawful employment practice for an employer … to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race… or national origin."

37. Defendant Oakland is an employer as that term is defined by Title VII.

38. Plaintiff was an employee of Oakland as that term is defined by Title VII.

39. Plaintiff is of the Asian race and Chinese national origin and is, therefore, a member of a protected class.

40. Plaintiff was qualified for her position as an Assistant Professor.

41. Plaintiff was qualified for the position as an Associate Professor.

42. Plaintiff was qualified to receive a tenure appointment at Oakland.

43. Plaintiff was subjected to adverse employment action, including denial of tenure, denial of promotion, failure to promote, and termination.

44. Other, non-Asian and non-Chinese employees who the NCAP and FRPC did not recommend for tenure were not subjected to the same adverse employment actions as Plaintiff and received tenure and promotion.

45. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff suffered damages, including, but not limited to loss of job position, lost past and future wages, lost past and future employment benefits, defamation of academic credentials and emotional distress.

## JURY DEMAND

Plaintiff Lan Yao hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien
Attorney for Plaintiff

Dated: March 8, 2021