## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

LAN YAO,

        Plaintiff,

vs.

OAKLAND UNIVERSITY,

        Defendant.

Case No.  2:21-cv-10523
HON. STEPHEN J. MURPHY III
MAG. JUDGE ANTHONY P. PATTI

| | |
|---|---|
| LAN YAO, *Pro Se*<br>4216 Sedgemoor Lane<br>Bloomfield Hills, MI 48302<br>517-755-8655<br>*yaolan_1@yahoo.com*<br>Plaintiff | LAW OFFICE OF DANIEL J. BERNARD<br>Daniel J. Bernard (P34225)<br>18557 Canal Road, Suite 2<br>Clinton Township, MI  48038<br>586-315-2009<br>*dan@bernardlaw.us*<br>Attorney for Defendant Oakland University |

## DEFENDANT OAKLAND UNIVERSITY'S
## MOTION TO COMPEL INITIAL DISCLOSURES
## AND FOR PROTECTIVE ORDER,
## BRIEF IN SUPPORT OF MOTION,
## AND CERTIFICATE OF SERVICE

## MOTION TO COMPEL INITIAL DISCLOSURES AND FOR
## PROTECTIVE ORDER

OAKLAND UNIVERSITY, by and through its attorney, hereby moves this

Honorable Court for entry of (1) an order compelling the plaintiff to serve her initial

disclosures pursuant to Fed. R. Civ. P. 26(a) and (2) a protective order prohibiting

the plaintiff, who is acting as her own attorney, from contacting Oakland

University's employees and officers directly in relation to this litigation.  In support of its motion, the University states as follows:

1.      As shown in the correspondence attached as Exhibit A, the undersigned has requested concurrence in the relief sought herein, pursuant to LR 7.1.  The plaintiff has not concurred, nor has she corrected her failure to comply with Fed. R. Civ. P. 26(a) or stopped contacting Oakland University officers and employees directly.  Thus, it has become necessary to file this motion and seek the Court's intervention.

2.      The correspondence attached as Exhibit B includes requests to the plaintiff and to the plaintiff's former counsel regarding the plaintiff's insistence on contacting represented parties directly.  In fact, the plaintiff's former counsel and the undersigned stipulated to the following provision in the proposed Joint Discovery Plan and Case Management Order:

> 17. **Other.** The plaintiff is ordered to cease and desist from any and all direct communications to Oakland University, its attorneys, officers, and employees, on any matter pertaining to the subject of this litigation. Failure to abide by this order shall result in sanctions at the discretion of the Court, including but not limited to monetary sanctions and/or dismissal of this action.  (ECF No. 9, Page ID 52).

In view of the plaintiff's prior counsel's pending motion to withdraw and preferring that the issue of such an order be raised by motion, the Court declined to

issue an order with the foregoing paragraph 17 at the time of the initial Scheduling Conference

3.     The plaintiff filed her complaint in this matter on March 8, 2021, alleging discrimination in the consideration and denial of her application for tenure as a faculty member in Oakland University's School of Nursing.  (ECF No. 1).

4.     At first, the plaintiff was represented by counsel.  During the July 28, 2021, scheduling conference, the Court granted counsel's motion to withdraw.

5.     On September 7, 2021, the plaintiff filed a notice indicating that she intended to represent herself in this matter.  (ECF No. 22).

6.     Since officially notifying the Court that she intended to represent herself, the plaintiff has failed to serve the initial disclosures required by Fed. R. Civ. P. 26(a).  These disclosures were due on August 18, 2021.[1]

7.     The undersigned has requested the plaintiff provide the required disclosures, but she has not done so.

8.     The plaintiff also continues to contact University employees and officers directly, even to the point of requesting time to address the University's Board of Trustees at its regularly scheduled meeting.[2]

---

[1] Due to the volume of records to be compiled and served, Defendant's initial disclosures were served one day late, on August 19, 2021, and over 4,200 pages of documents were simultaneously produced.

[2] The plaintiff did not appear for the meeting.

9.      As explained more fully in the accompanying brief, the plaintiff is obligated to follow the same rules as licensed attorneys.  The undersigned has instructed her on numerous occasions that she is not to contact University personnel directly regarding this litigation, but she refuses to stop her improper communications.  She has directly contacted Dr. Ora Pescovitz, Oakland's President; Joshua Merchant, Oakland's Chief of Staff; and Boyd Farnam, Oakland's Interim Vice President for Legal Affairs and Interim General Counsel.

10.     It is evident that, without the Court's intervention, the plaintiff will not fulfill her obligations under Fed. R. Civ. P. 26(a), and she will continue to violate counsel's direction that she may not contact University employees and officers directly.

WHEREFORE, Defendant prays that this Honorable Court will (1) enter an order compelling the plaintiff to file full and complete initial disclosures forthwith; (2) enter a protective order expressly prohibiting the plaintiff from contacting directly any University officers or employees regarding this litigation and ordering her to confine her communications to the undersigned; and (3) award Defendant its costs and attorney fees so wrongfully sustained.

Respectfully submitted,

LAW OFFICE OF DANIEL J. BERNARD

By:   /s/Daniel J. Bernard
       Daniel J. Bernard (P34225)
18557 Canal Road, Suite 2
Clinton Township, MI  48038
586-315-2009
*dan@bernardlaw.us*

Dated:  October 29, 2021    Attorney for Oakland University

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

LAN YAO,

      Plaintiff,

vs.

OAKLAND UNIVERSITY,

      Defendant.

Case No.  2:21-cv-10523
HON. STEPHEN J. MURPHY III
MAG. JUDGE ANTHONY P. PATTI

| | |
|---|---|
| LAN YAO, *Pro Se* | LAW OFFICE OF DANIEL J. BERNARD |
| 4216 Sedgemoor Lane | Daniel J. Bernard (P34225) |
| Bloomfield Hills, MI 48302 | 18557 Canal Road, Suite 2 |
| 517-755-8655 | Clinton Township, MI  48038 |
| *yaolan_1@yahoo.com* | 586-315-2009 |
| Plaintiff | *dan@bernardlaw.us* |
| | Attorney for Defendant Oakland University |

## DEFENDANT OAKLAND UNIVERSITY'S
## BRIEF IN SUPPORT OF MOTION TO COMPEL INITIAL
## DISCLOSURES AND FOR PROTECTIVE ORDER

## **TABLE OF CONTENTS**

Page

STATEMENT OF ISSUES PRESENTED  …………………………..        ii

INDEX OF AUTHORITIES     ……………………………………        iii

Introduction         ………………………………………………        1

Statement of Facts  …………………………………………….        1

       *Brief Factual Background of the Underlying Claims*  ………………        1

       *The Plaintiff's Failure to Serve Initial Disclosures*  ………………        2

       *The Plaintiff's Continued, Improper Direct Communications with University Officers and Employees*     …………………………..        3

Argument    ……………………………………………………..        5

I.     THE COURT SHOULD ENTER AN ORDER COMPELLING THE PLAINTIFF TO FILE HER INITIAL DISCLOSURES FORTHWITH     …………………………………………..        7

II.     THE COURT SHOULD ENTER A PROTECTIVE ORDER PROHIBITING THE PLAINTIFF FROM DIRECTLY CONTACTING OAKLAND UNIVERSITY'S OFFICERS AND EMPLOYEES REGARDING THIS LITIGATION  ……        8

Conclusion  ……………………………………………………..        8

Certificate of Service     …………………………………………        9

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Should this Court issue an order compelling the plaintiff serve complete initial disclosures pursuant to Fed. R. Civ. P. 26(a) where (a) the Court ordered the disclosures to be provided by August 18, 2021; and (b) the plaintiff has not provided the disclosures?

   Defendant answers this question, "Yes."

   Plaintiff answers this question, "No."


2. Should this Court issue an order prohibiting the plaintiff from communicating directly with Defendant's officer's and employees where (a) such communications are prohibited by MRPC 4.2; (b) despite representing herself, the plaintiff must comply with the Court's Local Rules, including LR 83.22(b) which incorporate the Michigan Rules of Professional Conduct; and (c) the plaintiff has been repeatedly instructed not to communicate directly with Defendant or its officers or employees?

   Defendant answers this question, "Yes."

   Plaintiff answers this question, "No."

## <u>INDEX OF AUTHORITIES</u>

Fed. R. Civ. P. 26(a)   …………………………………………………   2, 6-7

Fed. R. Civ. P. 37(a)(3)(A)   …………………………………………...   7

MRPC 4.2   …………………………………………………………..   7

LR 83.22(b)   …………………………………………………………   8

US District Court Pro Se Handbook   …………………………………   8

iii

## Introduction

This motion concerns the plaintiff's continuing failure to comply with the Court's Scheduling and specifically her failure to serve initial disclosures. Also, this motion addresses the plaintiff's continuing and repeated, direct communications with officers and employees of Oakland University, which she knows to be represented by counsel.

## Statement of Facts

### *Brief Factual Background of the Underlying Claims*

The plaintiff, Lan Yao, filed this action alleging discrimination in the consideration and denial of her application for tenure as a faculty member in Oakland University's School of Nursing.

Tenure applications are reviewed by two faculty committees – one in the academic unit in which the applicant is employed and the second comprised of faculty from across the University. Both faculty committees recommended denying the plaintiff's application, and the University, which conducts its own review, found that the plaintiff does not meet the criteria for tenure.

The plaintiff's bargaining unit, the Oakland University chapter of the American Association of University Professors, requested a re-review of the plaintiff's dossier pursuant to the collective bargaining agreement. The faculty committee in the School of Nursing (by a vote of 4-0 with one abstention) and the

University-wide Faculty Reemployment and Promotion Committee (by a vote of 9-0) again recommended against promotion and tenure. Oakland University reached the same conclusion, and the plaintiff was again denied tenure.

Following dismissal of a subsequent EEOC charge and issuance of a right-to-sue letter, the plaintiff filed this action.

On July 28, 2021, the parties appeared by their counsel for a scheduling conference via Zoom.  At that time, the Court considered and granted the motion of plaintiff's counsel to withdraw.  Prior to his withdrawal, the plaintiff's counsel and the University's counsel had prepared and submitted a joint discovery plan, which the Court incorporated into the Scheduling Order issued on July 28.

On September 7, 2021, the plaintiff notified the Court in writing that she would represent herself in this case.  (ECF No. 22).

### The Plaintiff's Failure to Serve Initial Disclosures

The simple facts pertinent to this issue are as follows:

1.  The Court issued an order requiring the exchange of Fed. R. Civ. P. 26(a) disclosures by August 18, 2021;

2.  To date, the plaintiff has not served any disclosures;

3.  Despite requests to do so, the plaintiff has never served any disclosures or provided the information and documents required by Fed. R. Civ. P. 26(a).

2

*The Plaintiff's Continued, Improper Direct Communications with*
*University Officers and Employees*

Since this litigation began, the plaintiff has repeatedly communicated directly

with Oakland's officers and employees.  While represented by counsel, the plaintiff

sidestepped her own attorney to email the undersigned on April 12, 2021. (Exhibit B

at 1).  The undersigned promptly forwarded the email to the plaintiff's former

counsel and asked him to direct the plaintiff not to communicate with the

undersigned directly.  (Exhibit B at 2).  Two days later, on April 14, the plaintiff

emailed the undersigned and Joi Cunningham, Oakland's Assistant Vice President

for Academic Human Resources, prompting another request to the plaintiff's

counsel.  (Exhibit B at 4).

On August 25, 2021, the plaintiff emailed the University's Interim General

Counsel, President, and Chief of Staff.  (Exhibit B at 5).  This email was also sent to

the Court's Case Manager.  The undersigned responded the same day, stating in

part:

> Further, your direct communication to Mr. Parker is also improper. If
> you have substantive matters to bring to the court's attention, you must
> file an appropriate pleading.
>
> Finally, I have previously requested that you not contact Oakland
> University employees directly, a request you have repeatedly violated.
> Since you are acting as your own attorney at this point, you must
> observe the ethical rules applicable to attorneys. It is understandable if
> you are not aware of all of the rules, but this particular prohibition on
> direct communication with opposing parties has been explained to you

previously. There is no excuse for your continued violation of this rule. All of your communications regarding this matter or any matter pertaining to Oakland University are to be sent to me alone.  (Exhibit B at 5).

On October 5, 2021, the undersigned requested the plaintiff's concurrence in the present motion.  (Exhibit A at 1).  The next day, the plaintiff emailed Oakland's President.  (Exhibit B at 8).

The following day, October 7, the plaintiff emailed Oakland's President and Chief of Staff, seeking to address Oakland's Board of Trustees.  (Exhibit B at 11).  On October 11, the undersigned emailed the plaintiff, stating:

> Ms. Yao – Your recent emails to Joshua Merchant and President Pescovitz have been referred to me for a response.
>
> Please be advised that neither the General Counsel nor any other University employee will respond to the questions in your recent emails. As I have informed you repeatedly, all of your communications regarding or relating in any way to the pending lawsuit you have filed against Oakland University must be directed to me.  (Exhibit B at 12).

The plaintiff then emailed the University's Interim General Counsel again on October 13, 2021.  (Exhibit B at 13).  This prompted the undersigned to send another "cease and desist" email on October 18, stating:

> Ms. Yao – As I have repeatedly informed you, you are not to contact Oakland University officers or employees directly. All communications regarding the pending litigation must go through me. I have instructed Mr. Farnam not to respond to you, and he will not do so.   (Exhibit B at 14).

On October 26, 2021, the plaintiff again directly emailed the University's President, Chief of Staff, and Interim General Counsel.  (Exhibit B at 15).

## ARGUMENT

## I.   THE COURT SHOULD ENTER AN ORDER COMPELLING THE PLAINTIFF TO FILE HER INITIAL DISCLOSURES FORTHWITH.

This Court ordered that the parties' initial disclosures should be exchanged by August 18, 2021.  (ECF No. 13, Page ID 64).  Now, more than two months after the deadline, the plaintiff has so far refused to provide initial disclosures.

On October 5, 2021, the undersigned wrote to the plaintiff:

Ms. Yao – You have not served your required initial disclosures in this matter, and you continue to contact Oakland University personnel directly despite having been previously instructed not to do so.  Accordingly, I am preparing a motion to compel your initial disclosures and a motion for sanctions related to your continued refusal to comply with instructions not to contact Oakland personnel directly.  The purpose of this email is to request your concurrence in these motions, pursuant to LR 7.1.

Please advise by Friday, October 8, whether you will concur in these motions.  If so, I will prepare appropriate orders and send them to you for approval.  If not, I will file the motions and you will have an opportunity to file answers to them.  (Exhibit A at 1).

The plaintiff responded to the foregoing – with an email she copied to Oakland's president, Dr. Ora Pescovitz – but she did not address her failure to provide her initial disclosures.  Accordingly, the undersigned responded on October 6 as follows:

Ms. Yao – As has been explained previously, you must not contact Oakland University personnel directly regarding this litigation. Your persistent refusal to comply with this instruction is clearly a refusal to concur in the motion for sanctions I described in yesterday's email. Also, you have not responded to my request for concurrence in a motion to compel your initial disclosures. I originally gave you until Friday, October 8, to respond, but your emails since then clearly convey that you have no intention of concurring. I will proceed accordingly. (Exhibit A at 2)

Despite the very clear message in the undersigned's communications that a motion to compel would be filed, the plaintiff has chosen to disregard her obligations to serve the disclosures.

Fed. R. Civ. P. 26(a) provides in relevant part:

(1) Initial Disclosure.
(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on

which each computation is based, including materials bearing on
the nature and extent of injuries suffered; and
(iv) for inspection and copying as under Rule 34, any insurance
agreement under which an insurance business may be liable to
satisfy all or part of a possible judgment in the action or to
indemnify or reimburse for payments made to satisfy the
judgment.

Fed. R. Civ. P. 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure

required by Rule 26(a), any other party may move to compel disclosure and for

appropriate sanctions."

This is not an instance in which the plaintiff's disclosures are insufficient.

Instead, they are nonexistent. The University has been patient because the plaintiff

is representing herself, but more than two months have passed since the initial

disclosures were due, and it is now clear that the plaintiff has no intention of

complying with the Court's scheduling order.

## II. THE COURT SHOULD ENTER A PROTECTIVE ORDER PROHIBITING THE PLAINTIFF FROM DIRECTLY CONTACTING OAKLAND UNIVERSITY'S OFFICERS AND EMPLOYEES REGARDING THIS LITIGATION.

Even though the plaintiff is not herself an attorney, she has notified the court

that she intends to represent herself in this litigation. (ECF No. 22). Therefore, she

must observe the same rules that attorneys observe, including MRPC 4.2, which

prohibits a lawyer – or in this case, a self-represented person – from communicating

about a matter with an opposing party known to be represented by another lawyer.

7

LR 83.22(b) incorporates Michigan's Rules of Professional Conduct and makes them applicable to anyone practicing in the US District Court.

The Pro Se Handbook issued by the US District Court for the Eastern District of Michigan tells self-represented litigants:

> You will be expected to follow all laws governing procedure in the federal courts, including the Federal Rules of Civil Procedure and the Court's Local Rules. It is likely that a number of other laws and regulations will apply to your particular case, and you will need to ensure that you comply with the requirements of those as well. (*https://www.mied.uscourts.gov/PDFFIles/HowToFileYourLawsuitHandbook.pdf* at 3),

The plaintiff has been instructed on numerous occasions that she is not permitted to contact officers and employees of Oakland University directly and that all of her communications related to the present litigation must be directed only to the undersigned.  She has blatantly and repeatedly ignored and violated these directions, and the Court's intervention is therefore required to mandate orderly communications in compliance with the applicable rules.

## **CONCLUSION**

For the foregoing reasons, Defendant prays that this Honorable Court will (1) enter an order compelling the plaintiff to file full and complete initial disclosures forthwith; (2) enter a protective order expressly prohibiting the plaintiff from contacting directly any University officers or employees regarding this litigation and

ordering her to confine her communications to the undersigned; and (3) award

Defendant its costs and attorney fees so wrongfully sustained.

Respectfully submitted,

LAW OFFICE OF DANIEL J. BERNARD

By:    /s/Daniel J. Bernard
       Daniel J. Bernard (P34225)
18557 Canal Road, Suite 2
Clinton Township, MI  48038
586-315-2009
*dan@bernardlaw.us*

Dated:  October 30, 2021    Attorney for Oakland University

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2021, the undersigned electronically filed the foregoing document with the Clerk of the Court using the ECF system which will forward a true copy to the plaintiff at her address of record.

Dated:  October 30, 2021    /s/Daniel J. Bernard
                               Daniel J. Bernard (P34225)