# EXHIBIT B

## Daniel Bernard

| | |
|---|---|
| **From:** | Daniel Bernard |
| **Sent:** | Monday, April 12, 2021 8:30 PM |
| **To:** | Eric Stempien |
| **Subject:** | Fwd: 2_21-cv-10523-SJM-APP Yao v. OU |

Eric - I just received this from your client. I have not responded. Please direct your client not to communicate directly with me.

Thanks.

Dan.

Get Outlook for Android

---

**From:** Lan Yao <yaolan_1@yahoo.com>
**Sent:** Monday, April 12, 2021 7:18:02 PM
**To:** Daniel Bernard <dan@bernardlaw.us>
**Cc:** Lan Yao <yaolan_1@yahoo.com>
**Subject:** 2_21-cv-10523-SJM-APP Yao v. OU

```
RE: Complaint in 2_21-cv-10523-SJM-APP Yao v. OU
```

Dear Mr. Bernard,

OU allowed the SON's Dean to make arbitrary claims and falsely called them "academic decisions". OU's EEOC Position Statement grossly misrepresented OU's review policy, standards, procedures, and findings, especially the evidence and findings related to OU's review of my tenure during academic year 2018-2019 and OU's re-review during academic year 2019-2020.

Could you provide a few "*actual accomplishment in the area of scholarship*" examples from my white comparators Julie Kruse (American) and Zorica Kauric-Klein (Canadian)'s dossiers, which demonstrated "*continued research productivity as an independent research scholar… demonstrate evidence of substantial progress as a mature scholar or establish a record of peer reviewed publications at Oakland University*" and "*unequivocal evidence in the record of the requisite accomplishment fo*r tenure", which OU's EEOC submissions alleged that my dossier did not contain? OU's stated denial reason that my dossiers did not make a "*persuasive case for promotion and tenure*" *is* against the weight of the evidence.

Please note that the use of "academic decision" must comply with
accepted professional/academic norms. Scholarship is clearly defined in nursing
since undergraduate and graduate nursing programs are accredited in the US.

Sincerely,

Lan Yao, PhD, RN, FGSA
517-755-8655

1

Exhibit B 1

## Daniel Bernard

**From:** Daniel Bernard
**Sent:** Wednesday, April 14, 2021 8:59 AM
**To:** Eric Stempien
**Subject:** FW: 2_21-cv-10523-SJM-APP Yao v. OU

Eric – Here's another email sent to me and to Joi Cunningham.  Please make it stop.

Daniel J. Bernard
Law Office of Daniel J. Bernard
18557 Canal Road, Suite 2
Clinton Township, MI 48038
586-315-2009
586-315-2019 Fax
*dan@bernardlaw.us*

**From:** Lan Yao <yaolan_1@yahoo.com>
**Sent:** Wednesday, April 14, 2021 8:22 AM
**To:** Daniel Bernard <dan@bernardlaw.us>; cunning3@oakland.edu
**Cc:** Lan Yao <yaolan_1@yahoo.com>
**Subject:** Re: 2_21-cv-10523-SJM-APP Yao v. OU

```
Ms. Joi Cunningham was Oakland University's administrative contact for re-review during
the 2019-2020 academic year. The re-review was to address AAUP's complaint, pursuant to
the OU-AAUP Faculty Agreement.

Also, AHR has all the data related to tenure decisions of School of Nursing's faculty in
the 2019-2020 academic year.  Thank you.

Sincerely,

Lan Yao, PhD, RN, FGSA
517-755-8655
```

On Monday, April 12, 2021, 07:18:10 PM EDT, Lan Yao <yaolan_1@yahoo.com> wrote:

```
RE: Complaint in 2_21-cv-10523-SJM-APP Yao v. OU



Dear Mr. Bernard,

OU allowed the SON's Dean to make arbitrary claims and falsely called them "academic
decisions". OU's EEOC Position Statement grossly misrepresented OU's review policy,
standards, procedures, and findings, especially the evidence and findings related to OU's
review of my tenure during academic year 2018-2019 and OU's re-review during academic
year 2019-2020.

Could you provide a few "actual accomplishment in the area of scholarship" examples from
my white comparators Julie Kruse (American) and Zorica Kauric-Klein (Canadian)'s
```

1

Exhibit B 2

dossiers, which demonstrated *"continued research productivity as an independent research scholar… demonstrate evidence of substantial progress as a mature scholar or establish a record of peer reviewed publications at Oakland University"* and *"unequivocal evidence in the record of the requisite accomplishment f*or tenure", which OU's EEOC submissions alleged that my dossier did not contain?  OU's stated denial reason that my dossiers did not make a *"persuasive case for promotion and tenure" is* against the weight of the evidence.

Please note that the use of "academic decision" must comply with
accepted professional/academic norms. Scholarship is clearly defined in nursing
since undergraduate and graduate nursing programs are accredited in the US.

Sincerely,

Lan Yao, PhD, RN, FGSA
517-755-8655

2

Exhibit B 3

**Daniel Bernard**

| | |
|---|---|
| **From:** | Daniel Bernard |
| **Sent:** | Friday, April 16, 2021 4:40 PM |
| **To:** | Eric Stempien |
| **Subject:** | Lan Yao |

Eric – This afternoon, your client emailed Oakland University's President. I would appreciate it if you would inform your client – again – that she is not to contact the University or me directly. If it happens again, I will petition the court for suitable relief.

Dan.

Daniel J. Bernard
Law Office of Daniel J. Bernard
18557 Canal Road, Suite 2
Clinton Township, MI 48038
586-315-2009
586-315-2019 Fax
*dan@bernardlaw.us*

1

Exhibit B 4

**Daniel Bernard**

| | |
|---|---|
| **From:** | Daniel Bernard |
| **Sent:** | Wednesday, August 25, 2021 12:08 PM |
| **To:** | Lan Yao |
| **Subject:** | RE: Violation of critical research data management and retention policies |

Ms. Yao – The initial disclosures were provided to you by email on August 19. On that same date, I mailed you a disc with over 4200 pages of materials, as described in the Joint Discovery Plan. Also, I must point out that you have not served any disclosures to date.

Further, your direct communication to Mr. Parker is also improper. If you have substantive matters to bring to the court's attention, you must file an appropriate pleading.

Finally, I have previously requested that you not contact Oakland University employees directly, a request you have repeatedly violated. Since you are acting as your own attorney at this point, you must observe the ethical rules applicable to attorneys. It is understandable if you are not aware of all of the rules, but this particular prohibition on direct communication with opposing parties has been explained to you previously. There is no excuse for your continued violation of this rule. All of your communications regarding this matter or any matter pertaining to Oakland University are to be sent to me alone.

Daniel J. Bernard
Law Office of Daniel J. Bernard
18557 Canal Road, Suite 2
Clinton Township, MI 48038
586-315-2009
586-315-2019 Fax
*dan@bernardlaw.us*

---

**From:** Lan Yao <yaolan_1@yahoo.com>
**Sent:** Wednesday, August 25, 2021 9:46 AM
**To:** farnam@oakland.edu; joshuamerchant@oakland.edu; pescovitz@oakland.edu; pollard@oakland.edu; murphy@oakland.edu; Daniel Bernard <dan@bernardlaw.us>
**Cc:** David Parker <david_parker@mied.uscourts.gov>; Lan Yao <yaolan_1@yahoo.com>
**Subject:** Violation of critical research data management and retention policies

Dear OU Chief of Staff Mr. Merchant, President Pescovitz, AAUP Executive Director Pollard,

I have not received the disclosure materials due by August 18, 2021 according to the order of the court. Instead, I received a warning informing me that all of my OU data will be permanently deleted on September 2, 2021. The warning I received from OU on August 18, 2021 required me to back up my data, stating that once the deletion occurs, no data can be recovered.

First of all, I have no privilege to access my OU files, and there is no tool to back up them. On or about August 14, 2020, OU and the Dean of School of Nursing (SON) terminated my access to my office and all OU resources (including computer software, OU drives, and folders).

Second, the decision to delete OU research data violates federal and OU research data management and retention policies, which stipulate that if a researcher leaves the institution, the institution and the researcher should agree on how to handle research records. The data management and retention policy also requires that confidential and operational research data (they are stored under researchers' OU NetID) must be retained for at least three years after OU submit all required research reports.  In addition, as the recipient of federal funding, OU has additional duties to the NIH to retain data related to any grants.

OU's termination of me in 2019 was wrongful because it was based on the false accusation and negative recommendation made by the three individual defendants (Didion, Cunningham and Lentini) to the Board of Trustees (BOT). See plaintiff's statement (2_21-cv-10523 Yao v. OU) in the postscript.

The violation of OU and the defendants deliberately evading academic judgments have been the subject of complaint by OU AAUP and EEOC.  Furthermore, OU's violation has been thoroughly clarified between the parties during the past 6 months since the case was brought to the court on March 8, 2021 (e.g, in ECF #12, ECF #19, and the disclosure reminder I sent to OU's attorney Mr. Bernard in early August). See Exhibit 1.

I respectfully request OU to abide by the federal and OU research policy, and postpone the deletion of my objective performance record at OU until after 3 years of OU's submissions of all required research reports.  I also look forward to receiving OU's initial disclosures which are forthright, and comply with Federal Rule 26 and Rule 37.

The records of my objective performance at OU are evidence in the lawsuit. Therefore, I have included the case manager Mr. David Parker in this email for his information.

Thank you for your investigation and time.

Sincerely,


Lan Yao

_____

Lan Yao, PhD, RN, FGSA

tel: (517) 755-8655, yaolan_1@yahoo.com


cc:  Mr. David Parker, Case Manager to Honorable Judge Steven J. Murphy III

Amy Pollard, PhD, OU AAUP Executive Director

Kevin Murphy, PhD, OU AAUP Grievance Officer

Mr. Boyd C. Farnam, OU Interim Vice President for Legal Affairs and Interim General Counsel

**Postscript. Plaintiff's Statement (2_21-cv-10523-SJM-APP Yao v. OU):**

The three defendants (Didion, Cunningham & Lentini)'s recommendation to the Board of Trustees (BOT) to terminate my OU employment in August 2019 was wrongful. OU AAUP complained OU's termination on September 26, 2019 pursuant to the collectively bargaining OU-AAUP Faculty Agreement ("Faculty Agreement"). The three defendants however, made another unreasonable and contradictory recommendation to the BOT to terminate me in May 2020.

The stated reason for termination is entirely false accusation and is obviously unreasonable and not credible. It does not use the OU definition of scholarships and services, nor does it apply the established faculty performance review criteria/standards set forth in the Faculty Agreement.  My scholarship performance in OU has consistently been rated by OU as exceeding performance standards and is superior to that of my six white nursing comparators. Many of my scholarships and research projects have been highlighted on the OU website/newsletter/magazine. The latest projects OU highlighted in 2021 are my ongoing interdisciplinary research at OU with communication professor Ma (https://oakland.edu/online/blog/ou-faculty-use-vr-to-study-empathy) and engineering professor Louie (https://oakland.edu/oumagazine/2021/spring/community/the-future-of-care).

If the 2019 termination is due to the negligence and/or incompetence of the OU manager, the second termination in 2020 cannot be justified by any legitimate, non-discriminatory reason.

# Daniel Bernard

| | |
|---|---|
| **From:** | Lan Yao <yaolan_1@yahoo.com> |
| **Sent:** | Wednesday, October 6, 2021 9:28 AM |
| **To:** | Daniel Bernard; pescovitz@oakland.edu |
| **Cc:** | Lan Yao |
| **Subject:** | Re: Yao v Oakland University |

Mr. Bernard,

Faculty Agreement requires that OU's decision-making body must justify its decisions. **Regarding the
renewal or nonrenewal of faculty appointments, the AAUP Faculty Agreement emphasizes three key
procedural standards: (1) one-year notice, (2) provision of written reasons for the decision, and (3)
the opportunity to appeal the decision.**

The defendant's initial disclosures should be completed by August 18, 2021 according to the order of the court ECF No.13.
May I ask, when will I receive your initial disclosure of OU's tenure decision rationales of all seven nursing candidates (me and my six white comparators) who were reviewed in 2020, and the decision to discontinue my appointment alone based on the reviews of the seven nursing candidates?


I am copying president Ora Pescovitz, following OU's organizational structure.

Thank you for your attention to this matter and your help.

Sincerely,
Lan Yao, 517-755-8655
_____
Lan Yao, PhD, RN, FGSA
tel: (517) 755-8655, yaolan_1@yahoo.com


On Tuesday, October 5, 2021, 02:09:50 PM EDT, Daniel Bernard <dan@bernardlaw.us> wrote:


Ms. Yao – You have not served your required initial disclosures in this matter, and you continue to contact Oakland University personnel directly despite having been previously instructed not to do so. Accordingly, I am preparing a motion to compel your initial disclosures and a motion for sanctions related to your continued refusal to comply with instructions not to contact Oakland personnel directly. The purpose of this email is to request your concurrence in these motions, pursuant to LR 7.1.


Please advise by Friday, October 8, whether you will concur in these motions. If so, I will prepare appropriate orders and send them to you for approval. If not, I will file the motions and you will have an opportunity to file answers to them.


Daniel J. Bernard

1

Exhibit B 8

Law Office of Daniel J. Bernard

18557 Canal Road, Suite 2

Clinton Township, MI 48038

586-315-2009

586-315-2019 Fax

*dan@bernardlaw.us*

Exhibit B 9

**From:** Lan Yao <yaolan_1@yahoo.com>
**Date:** October 7, 2021 at 12:06:54 PM EDT
**To:** pescovitz@oakland.edu, joshuamerchant@oakland.edu
**Cc:** Lan Yao <yaolan_1@yahoo.com>
**Subject: addressing the BOT**

Dear President Pescovitz and OU Secretary to the Board Mr. Merchant,

In my email on August 25, 2021, I drew OU's attention to the possible violations of research data management and retention policies and spoliation of evidence to the court by the Dean of School of Nursing/Academic Affairs.

I learned that concerns about continued violations can be formally raised through addressing the Board. If addressing the Board is the proper OU procedure, I appreciate your review of my request to speak with the Board (in the postscript) at the upcoming Board meeting on October 11, 2021.

If there are established OU systems to deal with allegations of academic manager misconduct/violation and persons I should talk to, please let me know.

Thank you very much for your guidance.

Respectfully submitted,
Lan Yao, PhD, RN, FGSA
517-755-8655


**p.s. Information required for addressing the Board:**

1.  Topic:  Fraud, Waste, and Abuse related to academic operations

2.  Rationale:

OU's paid lawyer Mr. Daniel Bernard's practice in investigating complaints of misconduct by OU academic managers unnecessarily and carelessly increased litigation costs.

Unnecessary costs resulting from inefficient or ineffective practices, systems, or controls; Intentional misrepresentation of information; Abuse of resources, questionable practice which is inconsistent with accepted medical or business policies

3.  Name: Lan Yao, PhD, RN, FGSA

4.  Contact information:

```
    phone number: 517-755-8655
    address : 4216 Sedgemoor Ln, Bloomfield Hills, MI 48302
    email address: yaolan_1@yahoo.com
```

5.  Oakland University relationship:

2015-2020 School of Nursing faculty

## Daniel Bernard

| | |
|---|---|
| **From:** | Daniel Bernard |
| **Sent:** | Monday, October 11, 2021 9:11 AM |
| **To:** | Lan Yao |
| **Subject:** | Communications to Oakland University |

Ms. Yao – Your recent emails to Joshua Merchant and President Pescovitz have been referred to me for a response.

Please be advised that neither the General Counsel nor any other University employee will respond to the questions in your recent emails.  As I have informed you repeatedly, all of your communications regarding or relating in any way to the pending lawsuit you have filed against Oakland University must be directed to me.

Daniel J. Bernard
Law Office of Daniel J. Bernard
18557 Canal Road, Suite 2
Clinton Township, MI 48038
586-315-2009
586-315-2019 Fax
*dan@bernardlaw.us*

1

Exhibit B 12

**From:** Lan Yao <yaolan_1@yahoo.com>
**Sent:** Wednesday, October 13, 2021 12:23 PM
**To:** farnam@oakland.edu
**Cc:** Lan Yao <yaolan_1@yahoo.com>
**Subject:** Re: addressing the BOT

```
Mr. Farnham,

Faculty promotion and tenure is an academic decision of the university.  It
shall be handled without fraud, waste and abuse of the university and public
resources.

I can meet in person or by phone (517-755-8655).  Thank you.

Kind regards,
Lan Yao,
```

Exhibit B 13

**Daniel Bernard**

| | |
|---|---|
| **From:** | Daniel Bernard |
| **Sent:** | Monday, October 18, 2021 3:29 PM |
| **To:** | Lan Yao |
| **Subject:** | Cease and Desist |

Ms. Yao – As I have repeatedly informed you, you are not to contact Oakland University officers or employees directly.  All communications regarding the pending litigation must go through me.

I have instructed Mr. Farnam not to respond to you, and he will not do so.  This is your final warning.

Daniel J. Bernard
Law Office of Daniel J. Bernard
18557 Canal Road, Suite 2
Clinton Township, MI 48038
586-315-2009
586-315-2019 Fax
*dan@bernardlaw.us*

Exhibit B 14

**From:** Lan Yao <yaolan_1@yahoo.com>
**Sent:** Tuesday, October 26, 2021 4:11 PM
**To:** Boyd Farnam <farnam@oakland.edu>
**Cc:** pescovitz@oakland.edu; Joshua Merchant <joshuamerchant@oakland.edu>; Lan Yao <yaolan_1@yahoo.com>
**Subject:** Re: addressing the BOT follow-up

Dear Vice President for Legal Affairs and General Counsel Mr. Farnam,

This is a follow-up to the questions that Dr. Merchant asked you to address, namely, what is the process for ensuring compliance and for remediating the misrepresentation and misconduct of the Dean of the School of Nursing (SON)?  I have not heard from you yet.

SON Dean Judy Didion's ability to make false statements without integrity has led to various errors and biases that are not only detrimental to OU's nursing program, but also continue to undermine the University's commitment to prevent fraud, waste, and abuse of public resources.

A formal complaint about the SON Dean's lack of integrity/competence was filed by the AAUP in September 2019, after OU released a tenure denial letter written by Dean Didion on behalf of OU ("Oakland August 29, 2019 Letter"). AAUP aggrieved the Dean's denial of my tenure in accordance with Paragraph 41c4(e) of the OU-AAUP Agreement.

SON's Dean Didion's denial that my performance as an OU faculty member is not sufficient to meet the OU scholarship requirements is arbitrary and capricious. The Dean's words are contrary to all the factual evidence in my record, including but not limited to the four external impartial professional evaluations of my scholarship, my official university annual faculty evaluations, and the numerous positive recognitions I've received through university publications and press releases. Since I joined OU in the fall of 2015, my official OU scholarship performance evaluations in OU have not only met but consistently exceeded the OU scholarship standards/standards.

When EEOC investigated complaints about the discrimination and misconduct of the Dean of SON, someone in OU egregiously misrepresented OU's AAUP Faculty Agreement and the purpose and functions of the NCAP/FRPC faculty committees, misled the EEOC and erroneously stated the obvious reporting errors were "OU's academic judgment and decisions".

The Judge in my case encouraged the parties to settle the case. What do you think about it? I currently represent myself (pro se).

Thank you very much. I look forward to talking with you.

Sincerely,

Lan Yao, PhD, RN, FGSA

517-755-8655


cc: Dr. Joshua D. Merchant, Chief of Staff and Secretary to the Board of Trustees
    Dr. Ora Pescovitz, President of Oakland University

Exhibit B 15