UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAN YAO,

                        Case No. 2:21-cv-10523

        Plaintiff,

                        HONORABLE STEPHEN J. MURPHY, III

v.

OAKLAND UNIVERSITY,

        Defendant.
_____/

## ORDER GRANTING
## MOTION TO COMPEL [23]
## AND DENYING MOTION FOR SANCTIONS [26]

Defendant Oakland University moved for the Court to compel initial disclosures from Plaintiff Lan Yao and for a protective order. ECF 23. Twenty days later, Plaintiff responded. ECF 24. Because parties must respond to non-dispositive motions within fourteen days after the motion is filed, the Court will order the Clerk of the Court to strike the response as untimely.[1] *See* E.D. Mich. L.R. 7.1(e)(1)(A). Plaintiff later moved for sanctions against Defendant. ECF 26. Defendant responded twenty-five days later. ECF 27. The Court will order the Clerk of the Court to strike that response as untimely. *See* E.D. Mich. L.R. 7.1(e)(1)(A). The Court has reviewed the motions and a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court will grant the motion to compel and for a protective order, and the Court will deny the motion for sanctions.

---

[1] Because the Court is ordering the Clerk of the Court to strike the response, the Court will also order the Clerk of the Court to strike Defendant's reply, ECF 25.

1

Under Federal Rule of Civil Procedure 26(a)(1)(A), "a party must, without awaiting a discovery request, provide to the other part[y]" various disclosures. If a party fails to make the required disclosures, the opposing party "may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A).

Initial disclosures were due on August 18, 2021. ECF 13, PgID 64. Plaintiff has failed to serve Defendant with her Rule 26(a) disclosures. ECF 23, PgID 141; ECF 23-2, PgID 159; ECF 23-3, PgID 167. The Court will therefore order Plaintiff to provide Defendant the required initial disclosures under Rule 26(a)(1)(A)(i)–(iv). Given the importance of discovery and initial disclosures in civil litigation, Plaintiff must provide Defendant with her initial disclosures no later than February 25, 2022. The Court will sanction Plaintiff, including considering dismissal of the case, if Plaintiff fails to meet that deadline. Fed. R. Civ. P. 37(b)(2)(A). The case has been pending for nearly a year, and the Court will not entertain further delay caused by Plaintiff's refusal to make required disclosures.

Under Rule 37(a)(5), the Court "must . . . require the party . . . whose conduct necessitated the motion [to compel] . . . to pay the movant's reasonable expenses incurred in making the motion," unless "circumstances make an award of expenses unjust." Because Plaintiff is pro se and the Court is ordering disclosures for the first time, financial sanctions would be unjust.

Defendant also moved for a protective order prohibiting Plaintiff from directly contacting Oakland University's officers and employees regarding the present litigation. ECF 23, PgID 154–55. Rule 26(c) allows the Court, for good cause, to "issue

2

an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Defendant offered evidence that Plaintiff contacted several Oakland University employees between April 2021 and October 2021.[2] ECF 23-3, PgID 163–77. In the Court's experience, it is best practice for pro se plaintiffs to communicate directly with opposing counsel rather than with defendants. The practice promotes efficiency, avoids potential annoyance, confusion, undue burden, or harassment toward defendants, and prevents inappropriate communications between the parties. *Cf.* M.R.C.P. 4.2. The Court will therefore grant Defendant's motion for a protective order. Plaintiff may not contact any officer or employee of Oakland University about the present case without permission from Defendant's counsel. Plaintiff may only communicate about the present case with counsel representing Defendant, Mr. Daniel J. Bernard.

Next, the Court will deny Plaintiff's motion for Rule 11 sanctions. Under Rule 11(b)(1), when an attorney signs a pleading, motion, or other paper, the attorney is certifying to the Court the filing is "not being presented for any improper purpose, such as to harass." And under Rule 11(b)(3), the attorney is certifying to the Court that "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." When the Court determines a party has violated Rule 11(b), it "may impose an appropriate sanction" on the party. Fed. R. Civ. P. 11(c)(1).

---

[2] Plaintiff has proceeded pro se since July 30, 2021.

3

But when a party moves for Rule 11 sanctions, the rule itself sets out three steps the moving party must follow.

First, "[a] motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Second, that motion "must describe the specific conduct that allegedly violates Rule 11(b)." *Id.* And third, the party must follow the so-called safe-harbor requirement. *Id.* "The safe-harbor provision requires a party to formally serve the sanctions motion on the opposing party and then wait twenty-one days to file the motion with the Court. 'Failure to comply with the safe-harbor provision precludes imposing sanctions on the party's motion.'" *Milman v. Fieger & Fieger, P.C.*, --- F. Supp. 3d ---, 2021 WL 2284445, at *6 (E.D. Mich. 2021) (Murphy, J.) (citing Fed. R. Civ. P. 11(c)(2); *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014)).

Plaintiff offered no evidence that she adhered to the safe-harbor provision and thus cannot show that she followed the steps prescribed by Rule 11(c). Plaintiff, for example, attached no evidence to show that she formally served Defendant in accordance with Rule 11's requirements. *See* ECF 26; ECF 26-1; ECF 26-2; *see also* Fed. R. Civ. P. 11(c)(2). Because Plaintiff failed to follow the proper procedures, the Court will deny the sanctions request.

Last, Plaintiff appears to have used the Rule 11 motion to argue the merits of the case. *See* ECF 26, PgID 211 ("[T]he objective data on . . . [P]laintiff's teaching, scholarship, and public service performance reported in the NCAP/FRPC review letters showed that . . . [P]laintiff's performance . . . met OU's full professor criteria

4

[and] standards."). But Plaintiff misused Rule 11. Requesting Rule 11 sections is a serious matter, and before moving for sanctions in the future, Plaintiff should review the Rule.

**WHEREFORE**, it is hereby **ORDERED** that the motion to compel initial disclosures and for a protective order [23] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must **PROVIDE** Defendant with her initial disclosures **no later than February 25, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff may **NOT CONTACT** any officer or employee of Oakland University about the present case **without** permission from Defendant's counsel. Plaintiff may **ONLY COMMUNICATE** about the present case with Defendant's counsel, Mr. Daniel J. Bernard.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **STRIKE** Plaintiff's response [24], Defendant's reply [25], and Defendant's response [27].

**IT IS FURTHER ORDERED** that the motion for sanctions [26] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 20, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 20, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager