UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

LAN YAO,

          Plaintiff,

v.

OAKLAND UNIVERISTY,
a public university and non-profit
quasi-governmental entity,
Judy Ann Didion (individually and as
OU Academic Officer, Dean of
School of Nursing), Joi Monica
Cunningham (individually and as OU
Academic Officer), James Lentini
(Individually and as former Chief
Academic Officer of OU)

          Defendants.

Case No. 2:21-cv-10523
HON. STEPHEN J. MURPHY III
MAG. JUDGE ANTHONY P. PATTI

_____

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL**

    This is a civil action against Oakland University ("OU") for unlawful termination, discrimination (violation of Title VII), and breach of contract (both the collective bargaining agreement ("CBA") between OU and the American Association of University Professors ("Association", or "AAUP/Union") and

1

plaintiff's individual contract) as well as violation of procedural and substantive due process in the context of a public employment position.

The case deals with plaintiff's employment at the School of Nursing (SON) as a tenure track professor, her performance of her contract and the actions of the defendants to both breach her contract, deny her due process and discriminate against her based on her race (Asian-Chinese) by using defendant DIDION's dishonest, biased, subjective, self-interest conflicted and arbitrary standards for her rationale. Notably, Defendant Didion was allowed by the Provost's office, specifically Cunningham and Lentini, to intentionally disregard the plain meaning of OU's nursing program standards and academic nursing criteria as it relates to promotion to tenured professor. Didion's disregard of the OU faculty academic standards and objective criteria for tenure promotion resulted in the unlawful and improper denial of plaintiff's tenure and her ultimate termination of employment.

For her complaint, plaintiff states:

1. Plaintiff is a resident of Oakland County, State of Michigan.
2. Defendant Oakland University ("OU") is Public doctoral institution of the State of Michigan located in Rochester, Michigan. As part of its educational curriculum, it provides and operates a School of Nursing (SON).
3. Defendant DIDION, as the Dean of the SON and OU's sole tenure decider, was at all times relevant to this action. She resides in Oakland County, Michigan.

4. Defendants CUNNINGHAM and LENTINI are both members of the Oakland University Provost's office with responsibility to ensure that a particular tenure or employment action in the context of the School of Nursing is proper, meets due process standards and the University's own internal standards.

5. At all times pertinent to this action Didion, Cunningham and Lentini were authorized agents of OU and the SON.

6. The claims and causes of action in this complaint are based on Federal Law (Title VII, Substantive and procedural due process contained in the 5th and 14th Amendments to the US Constitution) as well as State Law (Michigan for contract claims).

7. In addition, the amount in controversy is in excess of $75,000 exclusive of interest and costs. Thus, the action is within the subject matter jurisdiction of this court.

8. This court has personal jurisdiction over the parties based on the nature of the claims and their citizenship.

9. This court is a proper venue within which to commence and try this action based on the nature of the claims and residence or location of the parties as well as where the events giving rise to this action occurred.

## ESSENTIAL FACTS

10. Plaintiff was hired in 2015 as a tenure-track assistant professor at the SON by OU. She had three years of prior experience at another university credited to her.

11. Plaintiff was re-appointed by OU in 2017 and underwent a tenure review in 2019, which was denied by defendant Didion. See attached contracts and HR files, Exhibit 1. [OAKLAND 000083- OAKLAND 000099].

12. Plaintiff's contract was set to end on August 14, 2020 to reflect the tenure denial, see Exhibit 1. [OAKLAND 000094].

13. Although plaintiff was unaware and the process specifically prohibited the practice, Dean Didion was the sole determiner or decider of tenure based on her own personal discretion in ignorance of the actual criteria for tenure.

14. Plaintiff's position within the SON was governed by a CBA between OU and AAUP.

15. The CBA describes a multi-level review process for the grant of tenure and requires OU to give all tenure candidates' applications fair and adequate consideration, by properly following the established review procedures as set forth in Article VII.Paragraph 41.c, and properly apply OU's established review criteria/standards relative to the three areas of faculty professional responsibilities (teaching, scholarship and public service) set forth in the CBA at Appendix D. See pertinent articles and paragraphs of CBA. See Exhibit 2.

16. In short, the stated reasons for OU's denial of tenure were Defendant Didion's own personal and arbitrary standards, not those set forth in the CBA or in the OU program standards.

17. Specifically, Defendant Didion substituted two new performance standards for those actually set forth in the CBA and the program standards. Instead of determining if plaintiff had a record of academic publications, she created and applied her own standard based on an unspecified number of publications since joining OU. She also created an arbitrary standard requiring that an applicant chair a SON committee. This standard is also absent from the CBA and the program criteria.

18. Defendant Didion, as the sole tenure decider for the OU SON, engaged in academic misconduct and maliciously used arbitrary and capricious standards for tenure to deny Plaintiff's tenure including but not limited to the following:

    - Didion misrepresented the function and role of the reviewing committee and the findings of the committee per its letter;
    - She falsely stated that plaintiff was warned of scholarship deficits 2 years before the actual tenure review;
    - Additionally, she actively concealed plaintiff's official annual faculty performance evaluation, which not only showed that

plaintiff met but consistently exceeded the established SON scholarship standards;

- She stated that her assessment was consistent with the findings of the two faculty committees, the NCAP and FRPC. Her remarks were, in fact, fraudulent because the FRPC letter clearly states that the plaintiff had shown leadership since joining OU, including chairing committee.

- The FRPC letters also contradicted Didion's public service conclusions and stated that plaintiff met the service criteria for receiving tenure.

19. Defendants CUNNINGHAM and LENTINI engaged in academic misconduct as OU's academic compliance officers.

20. Defendants CUNNINGHAM and LENTINI stated in an email titled "Professional Review Letter" sent by the Provost's office on April 13, 2020, that OU's Board of Trustees (BOT) at its April 6, 2020 meeting decided not to reappoint the plaintiff. This was before the completion of plaintiff's re-review as the review letter has not been produced. The decision not to tenure plaintiff predated the allegedly objective re-review process.

21. The email by Cunningham and Lentini was for improper purposes. Didion had acted as the sole judge of the re-review and applied her own subjective

standards. Thus, the email was actually a cover-up for the re-review decision made by Didion alone, not by OU or its BOT.

COUNT I
BREACH OF CONTRACT

22. The previous allegations are incorporated as if set forth again.

23. Plaintiff and defendant OU were both parties to an employment contract governing plaintiff's employment as a faculty member in the SON at OU covering 2015-2020.

24. The contract provides that if plaintiff performs, she will be awarded tenure as a full time academic professor in the SON.

25. Plaintiff fully performed pursuant to that contract and in compliance with the CBA with the AAUP to the extent it applied to her employment.

26. Defendant OU breached the contract through the following acts and omissions:

   a. Falsely claiming that plaintiff had not successfully met her Scholarship and Public service requirement by misapplying OU's scholarship and service review criteria/standards articulated in the CBA Appendix D;

   b. Misrepresenting plaintiff's performance record at OU and ignoring the recommendations by AAUP and the scholarship evaluations conducted by external impartial experts whose research expertise are in the same field as candidates (the "accepted professional norms");

c. Installing the Dean of the SON as the sole decider of tenure in violation of the multi-level independent review procedures articulated in the CBA including replacing the provision for demonstrating a history of publication or articles with her own requirement for some arbitrary number of articles published or in the pipeline while at OU;

d. Failing to conduct a fair and unbiased consideration of plaintiff's dossier and performance as to her tenure application by ignoring the plain meaning of having a history of published articles;

e. Joi Cunningham and James Lentini allowed the Dean of SON defendant DIDION to continue her willful tort and retaliate by misrepresenting the re-review findings and misapplying OU's review criteria/standards in Scholarship and Public services without due process after the AAUP appeal.

f. The second "do not re-employ" recommendation on BOT's Personnel Action list is unnecessary, unrelated to BOT actions, and was made in bad faith. The only purpose of it is to cover the academic officers (the defendants)' misoperation of OU's academic programs and academic misconduct, and deprive plaintiff of her right to receive internal support at OU.

    g. Misapplying and misinterpreting various regulations and provisions providing for the evaluation of plaintiff's dossier of accomplishments in the tenure process, including but not limited to the intentional misuse of paragraph 38.c. of the CBA to justify the Dean's illegal termination of the plaintiff during EEOC's investigation.

27. As a direct and proximate result of the defendant's breach of her contract(s), plaintiff has suffered and continues to suffer economic and damages in the form of lost wages and benefits, emotional distress, and other cruel and unusual punishments (including but not limited to damages to her research productivity and professional reputation, defamation, isolation) without just cause.

## COUNT II
## VIOLATION OF SUBSTANTIVE DUE PROCESS

28. The previous allegations are incorporated as if set forth again.

29. The Due Process clause of the 14th Amendment of the US Const. applies to plaintiff's employment with the OU SON.

30. The requirement of substantive due process protects plaintiff from any arbitrary, unfair, biased or illegal action by OU as to her employment including prohibiting OU and the SON from imposing adverse employment

action against her without procedural due process, including but not limited to disregarding the AAUP's appeal and objection and repeating their own false accusations intentionally.

31. Dean Didion did not give Plaintiff's tenure application adequate consideration by properly apply OU's established scholarship and public service criteria/standards thereby depriving plaintiff of her substantive due process rights under the U.S. Constitution.

32. A tenure-track professor's liberty and property rights to teach and at OU are protected by the procedures provided in the CBA Article VII. Paragraph 41a.(5), 41c.4(d), and 41c.4(e) and include (1) at least one-year notice, and the (2) provision of written reasons for the decision, and finally (3) opportunity to appeal the decision.

33. Defendants DIDION, CUNNINGHAM and LENTINI engaged in academic misconduct, and deprived plaintiff of her property right in her tenure application and professorship by using non-existent or incorrect standards and otherwise ignored OU's own written policy and instead applied unwritten standards created by Dean Didion in her sole discretion.

34. As a direct and proximate result of the violation of plaintiff's substantive due process rights to her employment at OU (her property right), plaintiff's outstanding achievements with her contract and OU SON tenure standards

were egregiously misrepresented and was denied tenure by a SINGLE TENURE DECIDER, the Dean.

35. As a direct and proximate result, plaintiff has suffered and will continue to suffer both economic and non-economic damages.

## COUT III [ALL DEFENDANTS]
## TITLE VII DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN

36. The provisions of TITLE VII, 42 USC 2000e, apply to the OU SON, to Dean Didion and to defendants Cunningham and Lentini of the Provost's office.

37. Plaintiff is of the Asian race and of Chinese origin.

38. Defendant OU does not have any non-white SON full time tenured faculty members.

39. Plaintiff was hired as a SON faculty member in 2015.

40. Plaintiff was at all times qualified for the position of Assistant Professor and the position of Associate Professor with tenure.

41. Plaintiff was denied tenure in 2019, 2020 and then terminated by a single person, the Dean Didion.

42. Plaintiff was treated differently than other similarly situated SON tenure candidates because of her race and national origin in the context of her tenure evaluation.

11

43. While the OU process is mandated to provide for input from multiple sources, ultimately the sole decision maker is the Dean of Nursing, defendant Didion.

44. Defendant Didion acted on her racial bias and determination to maintain an all-white SON tenured faculty by unfairly, improperly and in violation of the various contracts and written procedures governing the tenure process and denied tenure to plaintiff based on her race.

45. Defendant Didion not only improperly applied OU's established tenure review criteria/standards but also applied them differently when assessing performance of the Plaintiff as opposed to candidates of different race and national origin as OU's sole tenure decider.

46. In addition, Didion added a requirement to the actual standards by mandating some form of "collegiality" that only Didion could measure and evaluate as a pretext for race discrimination.

47. Defendants Cunningham and Lentini, as OU's academic compliance officers, are appointed to act as a check and balance on arbitrary power and unjust denial of tenure by reviewing those decisions prior to forwarding the SON Dean's tenure recommendation to OU (i.e., the BOT) for BOT to make the University's personnel decisions.

48. Defendants Cunningham and Lentini abrogated their duties by failing to review Dean Didion's improper decision to deny plaintiff tenure based on her race and national origin.

49. As a direct and proximate result of these actions, all of which constitute violations of Title VII and are acts of racial and national origin discrimination, plaintiff's tenure was denied and her employment was wrongfully terminated by DIDION without legal basis (Paragraph 38.c of CBA provided by in defendant's ECF No.27 is misapplication of law and the CBA).

50. As a further direct and proximate result, plaintiff has suffered and will continue to suffer both economic (lost wages and benefits, attorney fees) and non-economic damages (defamation, humiliation, isolation, emotional distress, etc.) for which she seeks compensation.

WHEREFORE, plaintiff prays for judgment in her favor on all counts, for an award, of actual compensatory and punitive damages commensurate with the amount necessary to deter the misconduct of the defendants, compensate the economic and non-economic damages resulting from Defendant's wrongful conduct, and reinstatement and promotion with tenure to address the critical

shortage of qualified nursing professors in OU's SON, to prevent similar and future misconduct by the academic officers.

## JURY DEMAND

Plaintiff Lan Yao hereby request a trial by jury.

Respectfully submitted,

/s/ Lan Yao
By: Lan Yao
Plaintiff, In Pro Per
4216 Sedgemoor Ln
Bloomfield Hills, MI 48302
tel: 517-755-8655

Dated: February 5, 2022

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed with the Court using the Court's ECF system, which will send a true copy to all attorneys and parties of record.

Dated:   February 5, 2022   /s/ Lan Yao
                            Lan Yao
                            Plaintiff, In Pro Per

**The Parties to This Complaint**

A.  **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|  |  |
|---|---|
| Name | Lan Yao |
| Street Address | 4216 Sedgemoor Lane |
| City and County | Bloomfield Hills |
| State and Zip Code | MI 48302 |
| Telephone Number | (517)755-8655 |
| E-mail Address | yaolan_1@yahoo.com |

B.  **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

|  |  |
|---|---|
| Name | Judy Ann Didion |
| Job or Title (if known) | Dean, School of Nursing Oakland University |
| Street Address | 3001 HHB, 433 Meadow Brook Road |
| City and County | Rochester, Oakland County |
| State and Zip Code | MI 48309-4452 |
| Telephone Number | (248) 364-8787 |
| E-mail Address (if known) | jdidion@oakland.edu |

Defendant No. 2

|  |  |
|---|---|
| Name | Joi Monica Cunningham |
| Job or Title (if known) | Assistant Vice President Academic HR |
| Street Address | Room 205, 371 Wilson Boulevard |
| City and County | Rochester, Oakland County |
| State and Zip Code | MI 48309-4486 |
| Telephone Number | (248) 370-2190 |
| E-mail Address (if known) | cunning3@oakland.edu |

Defendant No. 3

| | |
|---|---|
| Name | James Lentini |
| Job or Title (if known) | former Provost, Oakland University |
| Street Address | Room 205, 371 Wilson Boulevard |
| City and County | Rochester, Oakland County |
| State and Zip Code | MI 48309-4486 |
| Telephone Number | (248) 370-2190 |
| E-mail Address (if known) | jlentini@oakland.edu |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | Oakland University |
| Street Address | 2200 N. Squirrel Road |
| City and County | Rochester, Oakland County |
| State and Zip Code | MI 48309-4401 |
| Telephone Number | (248) 370-2100 |