UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAN YAO,

                Plaintiff,

v.

OAKLAND UNIVERSITY, et al.,

                Defendants.

Case No. 2:21-cv-10523

HONORABLE STEPHEN J. MURPHY, III

## OMNIBUS OPINION AND ORDER

Plaintiff Lan Yao filed a pro se amended complaint that added three Individual Defendants. ECF 30. Defendant Oakland University answered the complaint, ECF 32, and the Individual Defendants moved to dismiss it, ECF 36. Plaintiff responded to the motion to dismiss, and, in the response, Plaintiff moved to strike the motion to dismiss and to compel the Individual Defendants to answer the amended complaint. ECF 37. Shortly after, all Defendants moved to extend the discovery deadline, ECF 39, and Plaintiff opposed the motion, ECF 40. Last, Plaintiff moved for summary judgment against the Individual Defendants. ECF 41.[1] For the following reasons, the Court will grant in part the motion to dismiss, grant the motion to extend the discovery deadline, and the Court will deny Plaintiff's motions to compel and for summary judgment.

---

[1] Based on the parties' briefing, the Court will resolve the motions on the briefs without a hearing. *See* Fed R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

## BACKGROUND[2]

Plaintiff amended the complaint to include claims against three Individual Defendants, Judy Ann Didion, Joi Monica Cunningham, and James Lentini. ECF 30. The Individual Defendants work within Oakland University in various high-level positions. *Id.* at 292–93. Plaintiff was hired as a tenure-track assistant professor by Oakland University. *Id.* at 294. Her employment was governed by a collective bargaining agreement between Oakland University and the Oakland University Chapter of the American Association of University Professors. *Id.*; *see also* ECF 30-2, PgID 319 ("Agreement between the Board of Trustees of Oakland University, Rochester, Michigan, and the Oakland University Chapter of the American Association of University Professors.").

Plaintiff claimed she underwent a tenure review that Defendant Didion ultimately denied. ECF 30, PgID 294. Defendant Didion allegedly "used arbitrary and capricious standards" to deny Plaintiff tenure. *Id.* at 295–96. After her tenure denial, Defendants Cunningham and Lentini later decided not to reappoint Plaintiff based on improper reasons. *Id.* at 296–97.

In the end, Plaintiff sued all Defendants for breach of contract, violating her substantive due process rights, and for violating Title VII based on racial and national origin discrimination. *Id.* at 297–303. She sued the Individual Defendants

---

[2] Because the Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008), the Court's recitation does not constitute a finding or proof of any fact.

in both their personal and official capacities. *Id.* at 291. For relief, she requested money damages and reinstatement with a promotion to tenure. *Id.* at 303–04.

## LEGAL STANDARD

I. <u>Motion to Dismiss</u>

The Court must liberally construe a pro se litigant's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Still, the Court may grant a Rule 12(b)(6) motion to dismiss if a pro se complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *see Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (explaining that pro se litigants are expected to follow the Court's procedural rules). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430.

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

II. <u>Motion to Extend Discovery</u>

Under Federal Rule of Civil Procedure 16(b)(4), the Court may amend a scheduling order "only for good cause." "The primary measure of Rule 16's 'good cause'

3

standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citation omitted); *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (collecting cases).

## DISCUSSION

The Court will first grant in part the motion to dismiss. After, the Court will extend the discovery deadline. Last, the Court will deny Plaintiff's motion to strike the motion to dismiss and compel answers and her summary judgment motion.

I. Motion to Dismiss

The Individual Defendants moved to dismiss the claims for four reasons. First, they are immune under the Eleventh Amendment for any claims against them in their official capacities. ECF 36, PgID 436–37. Second, they are not parties to the employment contract and so the breach of contract claim fails as to them. *Id.* at 438. Third, they are not liable for any substantive due process violations. *Id.* at 439–40. And last, they are not liable under Title VII. *Id.* at 440–42. The Court will grant each ground in turn and order supplemental briefing on the third ground.

A. *Eleventh Amendment Immunity*

The Eleventh Amendment bars monetary claims against the Individual Defendants in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)). Oakland University is a Michigan public university. ECF 30, PgID 292; *Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586, 598 (E.D. Mich. 2016). It follows that "the

Eleventh Amendment's protection of sovereign immunity applies to Oakland University." *Hawthorne-Burdine*, 158 F. Supp. 3d at 598 (citations omitted). Because any monetary claim against the Individual Defendants (Oakland University officials) in their official capacities "is deemed to be a suit against the [S]tate," the Eleventh Amendment bars those claims. *Cady*, 574 F.3d at 344 (quotation omitted). The Court will therefore dismiss the monetary claims against the Individual Defendants in their official capacities.

    B.    *Breach of Contract*

The breach of contract claim fails because the Individual Defendants are not parties to the employment contract. Plaintiff alleged only that Oakland University and herself were parties to the employment contract. ECF 30, PgID 297–99. Because a breach of contract claim requires "the existence of a contract between the parties," the Court cannot infer that the Individual Defendants were parties to the employment contract. *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 718 (E.D. Mich. 2005) (citing *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999)). To be sure, the contract attached to the amended complaint, is between only Oakland University and the Oakland University Chapter of the American Association of University Professors. ECF 30-2, PgID 319 ("'Agreement between the Board of Trustees of Oakland University, Rochester, Michigan, and the Oakland University Chapter of the American Association of University Professors.").

Plaintiff appeared to concede as much. ECF 37, PgID 671. Her argument, however, asserted that the Individual Defendants can face liability for breach of

5

contract because they acted as Oakland University's agents. *Id.* The argument is misguided; only Oakland University can face liability for breach of the employment contract given that it is the party to the contract—not its agents. *See Burton*, 373 F. Supp. 2d at 718 (citation omitted). The Court will therefore dismiss the breach of contract claims against the Individual Defendants.

    C.    *Substantive Due Process Violation*

Next, the Court will dismiss the substantive due process claims against the Individual Defendants. There is no substantive due process right to a promotion, to tenured employment, or even to public employment. *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1351 (6th Cir. 1992) (tenured employment and public employment); *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990) (promotion).

That said, the Court will liberally construe the substantive due process claim as a procedural due process claim.[3] *See Haines*, 404 U.S. at 520–21. Plaintiff alleged that the Individual Defendants acted "against her without procedural due process" and that she had "liberty and property rights to teach at [Oakland University]." ECF 30, PgID 300. Thus, Plaintiff's claim sounds in procedural due process. Because the parties did not brief whether the claim should be dismissed when construed as a procedural due process claim, the Court will, out of fairness to all parties, order supplemental briefing on this issue.

---

[3] If Oakland University moves for summary judgment on this claim, the Court will liberally construe this claim against Oakland University as both a procedural and a substantive due process claim.

6

### D. Title VII

The Court will dismiss the Title VII claims against the Individual Defendants. Simply put, "[a]n individual cannot be held personally liable for violations of Title VII." *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012) (citing *Wathen v. Gen. Elec. Co.,* 115 F.3d 400, 405 (6th Cir. 1997)). In the rare instances when an individual can be liable under Title VII, the individual still must qualify as an employer. *Little v. BP Expl. & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001). But the Individual Defendants did not employ Plaintiff, only Oakland University did. ECF 30, PgID 297 (alleging that the employment agreement was between Plaintiff and Oakland University). The Court will therefore grant the motion to dismiss in part. All claims against the Individual Defendants are dismissed with prejudice except for the liberally construed claim for procedural due process violations.

## II. Motion to Extend Discovery

Defendants have been diligent in attempting to meet the discovery deadline. As Defendants explained, adjusting the discovery deadline by fifteen days will allow them to obtain documents that Plaintiff will rely on to support her claims, and to depose Plaintiff once she produces those documents. ECF 39, PgID 701–02. Because Defendants are waiting for Plaintiff to produce documents, *id.* at 700, and because Defendants have a schedule planned for Plaintiff's deposition, *id.* at 701–02, they are promptly trying to meet the discovery deadline. The Court will therefore grant the fifteen-day extension.

7

III. <u>Motions to Strike and Compel Answers and for Summary Judgment</u>

The Court will deny Plaintiff's meritless motion to strike the motion to dismiss and compel the Individual Defendants to answer the amended complaint. ECF 37. Rule 12(a)(1) requires a defendant to serve an answer within a specified time. Under Rule 12(a)(4), if a party serves a Rule 12(b) motion, then the time to serve an answer is tolled until after the Court resolves the motion.

Here, the Individual Defendants waived service and so their answers were not due until April 15, 2022. ECF 33; Fed. R. Civ. P. 12(a)(1)(A)(ii). When the Individual Defendants moved to dismiss the complaint, ECF 36, the deadline to file their answers was tolled. Fed. R. Civ. P. 12(a)(4). As a result, the motion to dismiss was timely and the Individual Defendants did not need to file an answer.

Last, the Court will deny Plaintiff's summary judgment motion, ECF 41, for the reasons explained above. Her dismissed claims against the Individual Defendants are meritless. As for the liberally construed procedural due process claim, the Court will deny the summary judgment motion as premature. The Court has already denied an earlier summary judgment motion from Plaintiff, ECF 34, as premature, ECF 35, PgID 414–15. The Court will therefore deny the second summary judgment motion for the same reasons it denied the first summary judgment. *Id.*[4]

Going forward, Plaintiff must review the Federal Rules of Civil Procedure to avoid filing frivolous motions such as the motion to strike and compel answers. *See*

---

[4] The Court will grant Plaintiff leave to file a third summary judgment motion *after* the new discovery deadline. E.D. Mich. L.R. 7.1(b)(2). The Court will not grant Plaintiff leave for any other summary judgment motions.

*Branham v. Micro Comput. Analysts*, 350 F. App'x 35, 38 (6th Cir. 2009) ("[F]ederal courts 'have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'") (citation omitted). Plaintiff has consistently flouted simple procedural rules.[5] More, Plaintiff has not followed the Court's instruction to move for summary judgment *after* the close of discovery. ECF 35, PgID 416 ("Last, the Court will grant Plaintiff leave to file a second summary judgment motion after the new discovery deadline."). Her failure to follow simple instructions and procedural rules is vexatious and is approaching the line of when conduct becomes reckless and is in bad faith. The Court will therefore warn that the Court may consider monetary sanctions against Plaintiff for any future filings that flout the Federal Rules of Civil Procedure or the Court's orders. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) ("The district court has the inherent authority to award fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons.") (cleaned up).

---

[5] For example, ECF 29, PgID 290 ("But Plaintiff misused Rule 11. Requesting Rule 11 sanctions is a serious matter, and before moving for sanctions in the future, Plaintiff should review the Rule."); ECF 28, PgID 284 ("Plaintiff, though a pro se litigant, is not exempt from the pleading requirements of the Federal Rules of Civil Procedure."); ECF 18, PgID 92–93 ("[T]he Court previously and firmly reminded Plaintiff to comply with the Federal Rules of Civil Procedure."); ECF 14, PgID 67 ("Plaintiff is reminded that if she decides to proceed pro se she will be required to comply with the Federal Rules of Civil Procedure.").

## CONCLUSION

All claims against the Individual Defendants are dismissed with prejudice except for the procedural due process claim that the Court has liberally construed. The Court will therefore order supplemental briefing. The Individual Defendants and Plaintiff must submit their supplemental briefs no later than May 26, 2022. The briefing must not exceed five pages each. The parties must address only whether the amended complaint has plausibly pleaded a procedural due process claim against the Individual Defendants. Because the Court is seeking supplemental briefing, the Individual Defendants need not file a responsive pleading to the amended complaint until after the Court resolves the supplemental briefing.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [36] is **GRANTED IN PART**. All claims against Defendants Didion, Cunningham, and Lentini are **DISMISSED WITH PREJUDICE** except for the liberally construed claim for procedural due process violations.

**IT IS FURTHER ORDERED** that the motion to strike and compel answers [37] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment [41] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may **FILE** a third summary judgment motion **after the close of discovery**. The Court will **NOT GRANT** Plaintiff leave to file any additional summary judgment motions.

**IT IS FURTHER ORDERED** that the motion to extend discovery [39] is **GRANTED**. The discovery deadline is **EXTENDED until June 10, 2022**. The other remaining dates in the scheduling order, ECF 35, PgID 416, are **UNCHANGED**.

**IT IS FURTHER ORDERED** that the parties must **FILE** the above-described supplemental briefing **no later than May 26, 2022**. The briefing must **NOT EXCEED** five pages each.

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: May 19, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 19, 2022, by electronic and/or ordinary mail.

                                          s/ David P. Parker
                                          Case Manager