UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAN YAO,

                Plaintiff,

v.

OAKLAND UNIVERSITY, et al.,

                Defendants.

                                  /

Case No. 2:21-cv-10523

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER
## GRANTING MOTION TO DISMISS [36] IN FULL

The Court granted, in part, the three Individual Defendants' motion to dismiss. ECF 43, PgID 761. The only claim that remains against the Individual Defendants is a liberally construed § 1983 procedural due process claim. *Id.* The Court ordered the parties to provide supplemental briefing on the claim. *Id.* The parties complied. ECF 44; 45.[1] For the following reasons, the Court will grant the motion to dismiss in full and will dismiss the procedural due process claims against the Individual Defendants.

### BACKGROUND

In the interest of judicial economy, the Court will incorporate the background section of the earlier order. ECF 43, PgID 753–54. The Court will add the following facts.

---

[1] Based on the parties' briefing, the Court will resolve the motions on the briefs without a hearing. See Fed R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

Plaintiff alleged that she had a property interest "in her tenure application and professorship." ECF 30, PgID 300. She also alleged that Defendants took that property interest by "using non-existent or incorrect standards and otherwise ignored [Oakland University's] own written policy." *Id.* She identified three procedural protections that Defendants allegedly ignored. *Id.* First, Defendants failed to provide a one-year notice. *Id.* Second, Defendants failed to provide a written reason for the decision. *Id.* And third, Defendants denied her an opportunity to appeal. *Id.*

## LEGAL STANDARD

In the interest of judicial economy, the Court will incorporate the motion to dismiss legal standard from the Court's prior order. ECF 43, PgID 754.

## DISCUSSION

Section 1983 "prohibit[s] state employees from violating a person's constitutional rights" including those guaranteed by the Fourteenth Amendment's Due Process Clause. *Green v. City of Southfield*, 925 F.3d 281, 284 (6th Cir. 2019). "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 333 (internal quotation marks and quotations omitted).

"To establish a procedural due process violation, Plaintiffs must show (1) that they have been deprived of a cognizable liberty [or property] interest, and (2) that

2

such deprivation occurred without adequate procedural protections." *Schulkers v. Kammer*, 955 F.3d 520, 545 (6th Cir. 2020) (citations omitted).

First, Plaintiff did not have a property interest in the tenure promotion recognized by the Constitution. *See Golden v. Town of Collierville*, 167 F. App'x 474, 477–79 (6th Cir. 2006) (noting that an applicant for a position does not have a "cognizable property interest" in a promotion); *see also Tyler v. Univ. of Louisville*, No. 3:06-cv-151, 2006 WL 3412273, at *6 (W.D. Ky. Nov. 27, 2006) (collecting cases showing that job promotions in state colleges is not a cognizable property interest).

That said, "a professor who is eligible for tenure consideration has *some* minimal property interest in a fair tenure review process." *Webb v. Ky. State Univ.*, No. 3:09-55, 2010 WL 4237086, at *12 (E.D. Ky. Oct. 21, 2010) (emphasis added) (citing *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1423 (6th Cir. 1996)). At most, the Constitution requires that a professor have "notice and the opportunity to be heard." *Id.* (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

And Plaintiff had notice and an opportunity to be heard. ECF 30, PgID 294 (Plaintiff "underwent a tenure review in 2019, which was denied."); *see also* ECF 30-1, PgID 315. Plaintiff was even offered a re-review of the promotion with tenure denial. ECF 30-1, PgID 316.

Still, Plaintiff had procedural due process protections that were created by her collective bargaining agreement. ECF 30-2 (collective bargaining agreement); *see Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 565–66 (6th Cir. 2004). But the amended complaint itself showed that the Individual Defendants complied with the

3

provisions that Plaintiff alleged they violated. *See* ECF 30, PgID 294 (explaining that she was given a one-year notice); ECF 30-1, PgID 315 (letter from Defendant Didion detailing the "a written statement of the reasons upon which the decision was based not to recommend [Plaintiff's] re-appointment and promotion."). It also conceded that Plaintiff did in fact receive an appeal of the tenure denial. *See* ECF 30-1, PgID 316 (notice to appeal the promotion and tenure denial and ask for re-review); ECF 30, PgID 296–97 (explaining that Plaintiff was given a re-review and the decision for the appeal was made).

In sum, the Court liberally construed a procedural due process claim based on the three reasons that Plaintiff had identified in the amended complaint. And the amended complaint failed to plausibly show that the Individual Defendants violated Plaintiff's procedural due process rights as to those three grievances. The Court will therefore grant the Individual Defendants' motion to dismiss in full.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [36] is **GRANTED IN FULL**. All claims against Defendants Didion, Cunningham, and Lentini are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 27, 2022

4

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 27, 2022, by electronic and/or ordinary mail.

                                                s/ David P. Parker
                                                Case Manager