UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAN YAO,

                Plaintiff,

v.

OAKLAND UNIVERSITY, et al.,

                Defendants.

                                          /

Case No. 2:21-cv-10523

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**GRANTING MOTION FOR SUMMARY JUDGMENT [47]**

Defendant Oakland University moved for summary judgment on the remaining claims in the amended complaint. ECF 47. The parties briefed the motion. ECF 47; 54; 56. For the following reasons, the Court will grant summary judgment.[1]

## BACKGROUND

In the interest of judicial economy, the Court will incorporate the background sections from earlier orders. ECF 43, PgID 753–54; ECF 46, PgID 812. The Court will add the following facts.

Plaintiff's 2017 reappointment review explained that she "did not submit any peer-reviewed manuscripts for publication." ECF 47-3, PgID 884. And it "highly recommend[ed] that [Plaintiff] submit and have published *several* empirically-based manuscripts in peer-reviewed journals." *Id.* at 884–85 (emphasis added).

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

Her 2019 reappointment review explained that she had only one peer-reviewed publication while at Oakland University. ECF 47-5, PgID 890; *see also* ECF 47-7, PgID 897; ECF 47-10, PgID 924. Other white colleagues who received tenure all had several refereed journal articles and presentations. ECF 47, PgID 832–34 (collecting data from comparable white colleagues who received tenure) (citing ECF 30, PgID 301 (Title VII discrimination claim)). As a result, the review found that Plaintiff did not meet the criteria for scholarship. ECF 47-5, PgID 891. In the re-review, Plaintiff was still found only to have one peer-reviewed publication in her identified research area. ECF 47-11, PgID 927; ECF 47-12, PgID 932–33; ECF 47-15, PgID 960.

## LEGAL STANDARD

The Court must grant a summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

The Court will first dismiss the state-law claims against Defendant based on Eleventh Amendment immunity. After, the Court will dismiss the due process and Title VII claims.

I. <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment bars federal courts from adjudicating "all [S]tate-law claims . . . whether those claims are monetary or injunctive in nature." *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (emphasis omitted) (citation omitted). Defendant Oakland University is a Michigan public university. ECF 30, PgID 292; *Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586, 598 (E.D. Mich. 2016). It follows that "the Eleventh Amendment's protection of sovereign immunity applies to Oakland University." *Hawthorne-Burdine*, 158 F. Supp. 3d at 598 (citations omitted). The Court will therefore dismiss all State-law claims against Defendant including the breach of contract claim.[2]

---

[2] Plaintiff did not respond to the Eleventh Amendment immunity argument in her summary judgment response. *See generally* ECF 54. As a result, the argument is conceded. *See Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment.") (collecting cases).

3

II. Due Process Claims

The Court will dismiss the substantive due process violation claim against Defendant for the same reasons the Court dismissed the same claim against the Individual Defendants. ECF 43, PgID 757.

Plaintiff asserted procedural due process claims based on three property interests that Defendant allegedly violated because it did not comply with her union's collective bargaining agreement. ECF 30, PgID 300. The Court will dismiss the procedural due process claims against Defendant for the same reasons the Court dismissed the same claims against the Individual Defendants. ECF 46, PgID 812–14.

It appears, however, that Plaintiff is asserting a new procedural due process claim because Defendant was the same decisionmaker on the re-review as the original tenure review. ECF 54, PgID 1035; *see also* ECF 56, PgID 1079. The Court will deny the new claim. For one, Defendant has not sought leave to amend the complaint to add the new claim. For another, the collective bargaining agreement specified that "the final decision as to whether or not a faculty member will be re-employed, promoted, and/or tenured, will be [Defendant's]. [Defendant] will make all decisions at the designated points in the following Tenure Review Process." ECF 36-2, PgID 460. If Plaintiff wanted to have a different reviewer, she should have pursued arbitration under the collective bargaining agreement. *See id.* at 471 ("Arbitration of Tenure Decisions"). In all, Defendant complied with each step of the tenure application process and Plaintiff has shown no evidence to suggest it did not. *See, e.g.*, ECF 47, PgID 842–43 (collecting citations of steps Defendant took in the tenure

4

application process). The Court will therefore grant summary judgment on the procedural due process claims.

III. Title VII Claim

Plaintiff first asserted a Title VII discrimination claim. ECF 30, PgID 301–03. Because Plaintiff offered no direct evidence of discrimination, the Court must assess her discrimination claim under the *McDonnell Douglas* framework. *Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 606 (6th Cir. 2019). First, Plaintiff must show a prima facie case of discrimination. *Id.* (quotation omitted). "To do so, she must demonstrate that she '(1) is a member of a protected class; (2) was qualified for [her] job; (3) suffered an adverse employment decision; and (4) was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees.'" *Roman v. Cnty. of Monroe*, 426 F. Supp. 3d 439, 443 (E.D. Mich. 2019) (alteration in original) (quoting *Redlin*, 921 F.3d at 606–07). If Plaintiff meets that burden, then Defendant must show a "legitimate, nondiscriminatory reason" for the employment action. *Redlin*, 921 F.3d at 607 (quotation omitted). If Defendant meets its burden, then Plaintiff must show that reason is pretextual. *Id.* (citation omitted).

The Court will grant summary judgment on the fourth prong because Plaintiff cannot make a prima facie case that she was treated differently than similarly situated white employees. Plaintiff's charge with the Equal Employment and Opportunity Commission ("EEOC") asserted that white colleagues were promoted and given tenure and Plaintiff was denied tenure because she is Asian. ECF 47-16,

5

PgID 963; *see also* ECF 54, PgID 1045–47. But those white colleagues were far from comparable to Plaintiff.

The tenure review found that Plaintiff did not meet the requirements for scholarship or service. *See, e.g.*, ECF 47-11, PgID 927; ECF 47-12, PgID 932–33; ECF 47-15, PgID 960. Plaintiff, for example, only had one refereed journal article and presentation while at Oakland University. ECF 47, PgID 834 (collecting data from comparable white colleagues who received tenure). The other white colleagues who received tenure all had several refereed journal articles and presentations. *Id.* Plaintiff, however, asserted, without evidence, that she produced six peer-reviewed publications while at Oakland University. ECF 54, PgID 1046.

Yet Plaintiff's 2017 reappointment review explained that she "did not submit any peer-reviewed manuscripts for publication. ECF 47-3, PgID 884. And it even "highly recommend[ed] that [Plaintiff] submit and have published *several* empirically-based manuscripts in peer-reviewed journals." *Id.* at 884–85 (emphasis added). And her 2019 reappointment review explained that she had only one peer-reviewed publication. ECF 47-5, PgID 890; *see also* ECF 47-7, PgID 897; ECF 47-10, PgID 924. For that reason, her review found that she did not meet the criteria for scholarship. ECF 47-5, PgID 891. Not to mention, in her re-review, Plaintiff was *still* found to have only one peer-reviewed publication in her identified research area. ECF 47-11, PgID 927; ECF 47-12, PgID 932–33; ECF 47-15, PgID 960.

Plaintiff claimed that one colleague granted tenure, Professor Kruse, is comparable to her because Professor Kruse did not publish any refereed journal

6

articles since she had joined the University. ECF 54, PgID 1047 (citing ECF 54-1, PgID 1057). But Professor Kruse still submitted more refereed scholarly presentations than Plaintiff and she had several co-authored refereed journal articles that were being accepted for publication. ECF 54-1, PgID 1057 ("[O]ne co-authored refereed journal article listed as 'accepted for publication' and another co-authored referred [sic] journal article listed as 'revise and resubmit.'"). Simply put, in a profession in which published peer-reviewed articles are worth gold, Plaintiff was severely lacking. Because Plaintiff was not treated differently than comparable white colleagues, the Court will grant summary judgment on the Title VII discrimination claim.

The Court will also grant summary judgment on the Title VII retaliation claim. To show a prima facie claim of retaliation, Plaintiff must show (1) "she engaged in protected activity, (2) [Defendant] knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against [Plaintiff], and (4) there was a causal connection between the protected activity and the adverse employment action." *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008) (citation omitted). To show causation, Plaintiff must show that her "protected activity was a but-for cause of the alleged adverse action by [Defendant]." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).

Plaintiff asserted that Defendant fired her for filing an EEOC charge. ECF 47-16, PgID 964. The retaliation claim fails because Defendant notified Plaintiff in August 2019 and April 2020 that her employment would end in August 2020. ECF

7

47-9, PgID 922; ECF 47-14, PgID 957. Plaintiff did not file her first EEOC charge until May 2020. ECF 47-16, PgID 963. It follows that the EEOC charge could not have been the but-for cause of her firing. The Court will therefore grant summary judgment on the Title VII retaliation claim.

Last, although Plaintiff is not proceeding in forma pauperis, the Court will deny leave to proceed in forma pauperis on appeal because no appeal can be taken in good faith. *See* Fed. R. App. P. 24(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for summary judgment [47] is **GRANTED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

                                                                  s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 29, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 29, 2022, by electronic and/or ordinary mail.

                                                                  s/ David P. Parker
Case Manager