**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Kelly L. Stephens<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: January 19, 2024

Mr. Daniel J. Bernard
Law Offices
18557 Canal Road
Suite 2
Clinton Township, MI 48038

Mr. Brian J. Farrar
Law Offices
33 Bloomfield Hills Parkway
Suite 250
Bloomfield Hills, MI 48304

    Re: Case No. 22-1980, *Lan Yao v. Oakland University, et al*
         Originating Case No. : 2:21-cv-10523

Dear Counsel,

    The Court issued the enclosed opinion today in this case.

    Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                                      Sincerely yours,

                                      s/Cathryn Lovely
                                      Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0028n.06

Case No. 22-1980

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LAN YAO, | ) | |
|     Plaintiff-Appellant, | ) ) ) | FILED<br>Jan 19, 2024<br>KELLY L. STEPHENS, Clerk |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| OAKLAND UNIVERSITY, | ) ) | |
|     Defendant-Appellee. | ) ) | OPINION |

Before: GRIFFIN, BUSH, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Following the denial of tenure in Oakland University's school of nursing, Dr. Lan Yao sued the university, asserting claims of race and national origin discrimination, as well as retaliation for filing a workplace complaint. These theories fail. Yao has not identified a similarly situated employee who received more favorable treatment than she, dooming her discrimination claims. Nor can she demonstrate a causal connection between her protected activity and the university's allegedly retaliatory action, a fact fatal to her retaliation claim. Accordingly, we affirm the award of summary judgment in the university's favor.

I.

Like most departments in institutions of higher learning, Oakland University's nursing school employs a process for granting tenure to faculty members. Professors at the university

Case No. 22-1980, *Yao v. Oakland Univ.*

initially serve in term-limited positions without job security, after which they are eligible for tenure. A tenure applicant assembles a dossier documenting her qualifications. The application is then measured by three criteria: scholarship, teaching, and professional service. Of these, scholarship, especially "publications that have been critically evaluated," is the most important factor. Published work measures the candidate's contribution to knowledge in a scholarly field. Two committees review the application. First is the Nursing Committee, followed by the Faculty Committee. The latter committee makes a tenure recommendation to the university based on a review of the candidate's qualifications. At the final stage, the university's board of trustees, after receiving input from the provost and president, issues a final tenure determination. Those who unsuccessfully apply for tenure are not re-employed full time.

Now consider Yao's journey through this process. Hailing from China, Yao was hired as an assistant professor in the nursing school. Following a few years of service by Yao, the board of trustees approved her reappointment to a final two-year term as an assistant professor, after which she would be eligible for tenure. Although the Nursing Committee supported Yao's reappointment, it noted that she had produced no work for publication and "highly recommend[ed] that Dr. Yao submit and have published several empirically-based manuscripts in peer-reviewed journals" before her next review. Yet at the time of Yao's tenure review, she had co-authored only one peer-reviewed article since her reappointment. Both the Nursing Committee and the Faculty Committee determined that Yao did not meet the school's criteria for scholarship and research. In turn, each committee voted to deny Yao tenure, a decision later ratified by the board. Yao requested a second review. Her efforts, however, again proved unsuccessful—she was denied tenure a second time.

After the university notified Yao that her employment would terminate at the end of her contract, Yao filed discrimination charges with the Equal Employment Opportunity Commission (EEOC), alleging both race and national origin discrimination and retaliatory conduct in violation of Title VII of the Civil Rights Act of 1964. She later filed this suit. Ultimately, the district court awarded summary judgment in the university's favor. To the district court's eye, Yao failed to show that she was treated worse than similarly situated non-protected tenure candidates, defeating her discrimination theories. Likewise, the court held, Yao could not establish a causal connection between her first EEOC complaint and her eventual firing, undermining her retaliation claim. Yao's timely appeal followed.

II.

We review the district court's grant of summary judgment de novo. *Dixon v. Gonzales*, 481 F.3d 324, 330 (6th Cir. 2007). In undertaking that fresh review, we consider the evidence in the light most favorable to Yao, the nonmoving party. *Id*. Eyeing the evidence that way, summary judgment is appropriate if there is no genuine dispute of material fact in the record, and if the university should prevail as a matter of law. *See Lemon v. Norfolk S. Ry. Co.*, 958 F.3d 417, 418–19 (6th Cir. 2020); Fed. R. Civ. P. 56(a).

A. Yao first contends that issues of material fact remain concerning whether she was impermissibly denied tenure on account of her race and national origin. Title VII declares it unlawful "for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a)(1). A Title VII plaintiff may show such discrimination with either direct or indirect evidence. *Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 606 (6th Cir. 2019). As Yao relies on the latter, we apply the *McDonnell Douglas* burden

3

Case No. 22-1980, *Yao v. Oakland Univ.*

shifting framework to evaluate her claim. *Lindsay v. Yates*, 498 F.3d 434, 440 n.7 (6th Cir. 2007). Under that construct, Yao bears the initial burden to establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Our focus here is on whether Yao was "treated differently than similarly situated non-protected employees," one element of a prima facie case. *Redlin*, 921 F.3d at 607 (citation omitted); *see also Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001) (articulating a four-part test). To show as much, Yao need not demonstrate an exact correlation between herself and the allegedly similarly situated employees outside of her protected class. But, at the very least, there must be relevant similarity between them. *Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 511–12 (6th Cir. 2022). Yao fails to make this showing.

Yao identifies six white comparators who, she says, were similarly situated to her and yet were granted tenure. According to Yao, this disparity is demonstrated through peer-reviewed publication totals. Recall that Yao had co-authored only one peer-reviewed article during her time at the university. Yet her comparators uniformly had published relatively more journal articles. True, the qualifying journal articles of Dr. Julie Kruse, one of Yao's comparators, had seemingly not yet appeared in print at the time the university reviewed her for tenure. That said, Kruse had one co-authored article accepted for publication at the time and another described as a "revise and resubmit" that had been accepted and was available on a journal website. To the Faculty Committee, this was enough to show that Kruse had sufficiently contributed to knowledge in her field. Yao compares less favorably. At the time the Faculty Committee re-reviewed Yao's tenure application, Yao still had published only one journal article. And while she disclosed one additional manuscript as under review and another as under development, the committee could "not find any evidence of drafts" of these documents. Kruse also had four peer-reviewed

4

Case No. 22-1980, *Yao v. Oakland Univ.*

presentations to Yao's one. So we agree with the district court that Yao was not similarly situated to her comparators.

Yao believes that her scholarship was "superior" to that of her comparators. Whether that is true is not easy for us to say. After all, as judges, we are ill-equipped to stand in as a "super-tenure" committee to assess the quality of Yao's research. *Thrash v. Miami Univ.*, 549 F. App'x 511, 521 (6th Cir. 2014) (quoting *Villanueva v. Wellesley Coll.*, 930 F.2d 124, 129 (1st Cir. 1991)). And, even then, it bears reminding that publication count is first among equals in terms of the factors the school considers when assessing scholarship. As Yao's comparators fared better in this respect, she fails to establish a prima facie case of Title VII discrimination.

B. Yao also asserted a Title VII retaliation claim. As part of her prima facie case of retaliation, Yao was required to demonstrate a causal connection between her protected activity (the filing of a complaint with the EEOC) and an adverse action she suffered (her termination). *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 736 (6th Cir. 2006). The timeline of events, however, suggests otherwise. Over a month before she filed her EEOC complaint, the university notified Yao that her employment would be terminated at the end of her contract. As "[c]ausation moves forward, not backwards," Yao fails to show a causal connection between her EEOC filing and her eventual firing. *See Pearson v. Mass. Bay Transp. Auth.*, 723 F.3d 36, 42 (1st Cir. 2013) (Souter, J.) ("[N]o protected conduct after an adverse employment action can serve as the predicate for a retaliation claim."); *see also Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 529 (6th Cir. 2008) (Batchelder, J., concurring) (same). We thus affirm the grant of summary judgment to the university on Yao's retaliation claim.

C. Lastly, Yao asks that we remand the case for further discovery due to the fact that she was proceeding largely on a pro se basis in district court. But Yao failed to make this argument

5

Case No. 22-1980, *Yao v. Oakland Univ.*

before the district court, not even in her motion for reconsideration. We typically hold that an argument is forfeited "when [a] party belatedly asserts it on appeal after having failed to raise it in the district court." *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1011 (6th Cir. 2022). That is the case even for pro se litigants, *see Peoples v. Hoover*, 377 F. App'x 461, 463 (6th Cir. 2010) (collecting cases), absent an extraordinarily compelling circumstance, *Bannister*, 49 F.4th at 1012. Seeing nothing rising to that level, we decline to address the issue.

*   *   *   *   *

We affirm the judgment of the district court.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 22-1980

LAN YAO,

    Plaintiff - Appellant,

  v.

OAKLAND UNIVERSITY,

    Defendant - Appellee.

> **FILED**
> Jan 19, 2024
> KELLY L. STEPHENS, Clerk

Before: GRIFFIN, BUSH, and READLER, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk